(No. 1498—)

BERTHA E. WILSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1929.*

MANUEL M. WISEMAN, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant was employed as an attendant at the Alton State Hospital for the Insane. In the basement of Amusement Hall there is a bowling alley which the employees are permitted to use. On Sunday evening, March 31, 1929, claimant and another employee started to the bowling alley. A flight of seven or eight steps led from the outside down to the basement where the bowling alley was located. It was dark and

raining and claimant was carrying an umbrella. When they reached the steps her companion went down ahead of her. Claimant turned to put down her umbrella as she started down the steps and missed the first step causing her to fall to the bottom. She was assisted to the hospital where she was examined by the physician in charge and given treatment. She remained in the hospital about five days and was discharged as cured. She was told by the physician to go back to work and did so, and has continued to do her work ever since. She claims the second vertebra was fractured and her spine otherwise injured and that her nervous system has been permanently injured, and asks an award of $5,000.00.

At the time she received her alleged injuries claimant was not engaged in any duties of her employment. Her services for the day ended and she was going to the bowling alley for her own amusement. She was thoroughly familiar with the location of the steps and knew they were not lighted. It is apparent from the evidence that her fall was caused by her own lack of care. It was an accident for which the State officials were in no way responsible. Had her injury been caused by the negligence of the agents of the State she would not be entitled to recover, as the State is never liable for the negligence of its officers and agents. She is not entitled to compensation under the Workmen's Compensation Act (1) because the maintenance of a hospital for the insane is not one of the enterprises declared by section 3 of that Act to be extra hazardous, and (2) because her injury did not arise out of and in the course of her employment.

The evidence clearly shows she was not permanently injured and that none of her vertebra was fractured. She was able to go back to her work in five or six days after the accident and has been at her work ever since. Under no theory is she entitled to an award.

The claim is therefore denied and the case dismissed.